**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-1382**

_____

FRANCISCO LOPEZ ALDANA,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted: November 20, 2012    Decided: December 18, 2012

_____

Before AGEE, DAVIS, and DIAZ, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Jay S. Marks, LAW OFFICES OF JAY S. MARKS, LLC, Silver Spring, Maryland, for Appellant. Stuart F. Delery, Acting Assistant Attorney General, Thomas B. Fatouros, Senior Litigation Counsel, Janette L. Allen, Trial Attorney, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Francisco Lopez Aldana, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his application for temporary protected status ("TPS"). For the reasons set forth below, we deny the petition for review.

TPS is authorized by 8 U.S.C. § 1254a (2006), and "allows eligible nationals of a foreign state to temporarily remain in the United States during the pendency of that state's designation for the TPS program." Cervantes v. Holder, 597 F.3d 229, 231 (4th Cir. 2010). The Attorney General designated El Salvador for the TPS program on March 9, 2001, based on the devastating earthquakes that the country suffered in early 2001. 66 Fed. Reg. 14214 (Mar. 9, 2001). The initial registration period began on March 9, 2001, and ended on September 9, 2002. Id. at 14214-15. The designation has been extended on numerous occasions, and is currently set to expire on September 9, 2013. 77 Fed. Reg. 1710 (Jan. 11, 2012).

Lopez Aldana filed his application for TPS on March 8, 2005, approximately two and a half years after the initial registration period ended. The regulations implementing the TPS statute, however, carve out an exception to the initial registration period and provide that an applicant may qualify

for "late initial registration" if, at the time of the initial registration period: (1) the applicant was in valid nonimmigrant status or had been granted voluntary departure or other relief from removal; (2) the applicant had a pending application for change of status, adjustment of status, asylum, voluntary departure, or other relief from removal, or such application was subject to further review or appeal; (3) the applicant was a parolee or had a pending request for reparole; or (4) the applicant was the spouse or child of an alien who was eligible to be a TPS registrant. 8 C.F.R. § 1244.2(f)(2) (2012). Because Lopez Aldana failed to file his application during the initial registration period or demonstrate his eligibility for late initial registration under § 1244.2(f)(2), the immigration judge and the Board properly found him ineligible for TPS.

Lopez Aldana, however, argues that the registration requirements for TPS set forth in 8 C.F.R. § 1244.2 are overly restrictive and conflict with Congressional intent. In reviewing Lopez Aldana's challenge to the regulation, we employ the two-step analysis prescribed by the Supreme Court in Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984). See Suisa v. Holder, 609 F.3d 314, 318 (4th Cir. 2010). Under Chevron, the plain meaning of the statute controls if the provision in question is unambiguous. Chevron, 467 U.S. at 842-43; see Suisa, 609 F.3d at 318; Saintha v. Mukasey, 516 F.3d

3

243, 251 (4th Cir. 2008).  If, however, "the statute at issue is silent or ambiguous with respect to the precise issue, then [the court] must decide whether the agency's interpretation of the statute is reasonable, and thus, entitled to deference."  Suisa, 609 F.3d at 318.

We have thoroughly considered Lopez Aldana's challenges to the regulation at issue and find them without merit.  Because the intent of Congress to delegate authority to the Attorney General to establish a registration deadline was clear and unambiguous, see 8 U.S.C. § 1254a(c)(1)(A)(iv) (2006), we defer to the Attorney General's creation of the initial registration period under the first step of Chevron.  Applying the second step of Chevron, we find that the Attorney General's promulgation of 8 C.F.R. § 1244.2(f)(2) (2012), which provides for late initial registration for certain TPS applicants, was based on a reasonable interpretation of § 1254a(c)(1)(A)(iv) and was not arbitrary, capricious, or manifestly contrary to law.  See Chevron, 467 U.S. at 844 (providing that a regulation promulgated to fill a gap left, implicitly or explicitly, by Congress is "given controlling weight unless [it is] arbitrary, capricious, or manifestly contrary to the statute"); Suisa, 609 F.3d at 319 (same).

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED